IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

REBECCA L. REED                                                  PLAINTIFF

v.                          Civil No. 14-2008

CAROLYN W. COLVIN, Commissioner
Social Security Administration                          DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Rebecca Reed, brings this action under 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

I.    **Procedural Background:**

Plaintiff filed her application for SSI on September 22, 2011, alleging disability due to chronic obstructive pulmonary disease ("COPD"); hepatitis B; hepatitis C; bone deterioration; disk disease of the cervical spine; bursitis; osteoporosis; fatigue; pain in the back, neck, arms, legs, and feet; diabetes; attention deficit hyperactivity disorder ("ADHD"); depression, post-traumatic stress disorder ("PTSD"); and, personality disorder.  Tr. 8, 108-113, 134, 146, 160-161, 174, 180-181, 202, 205.  Her applications were denied initially and on reconsideration.  Tr. 53-59, 66-68.  An administrative hearing was held on October 3, 2012.  Tr. 31-52.  Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 54 years old and possessed a high school education.  Tr. 18, 147.  She had past relevant work ("PRW") experience as a construction worker.  Tr. 18, 33-34, 137-139, 147, 152-159.

On October 26, 2012, the ALJ found Plaintiff's COPD, mild degenerative disk disease of the hips, bilateral shoulder pain, depressive disorder, psychological factors affecting her medical condition, and PTSD to be severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.  Tr. 10-12.  The ALJ concluded that the Plaintiff could perform light work involving only occasional climbing of ramps and stairs and overhead reaching; frequent balancing, stooping, kneeling, crouching, and crawling; no climbing of ladders, ropes, or scaffolds; and, no moderate exposure to fumes, odors, dust, gases, poor ventilation, dangerous machinery, and unprotected heights.  Tr. 12.  Further, the ALJ found the Plaintiff to be limited to simple, routine, and repetitive tasks involving only simple work-related decisions, with few, if any, workplace changes and no more than incidental contact with co-workers, supervisors, and the general public.  With the assistance of a vocational expert, the ALJ concluded Plaintiff could perform work as a production worker, gasket inspector, and inspector/checker.  Tr. 19.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on November 29, 2013.  Tr. 1-3.  Subsequently, Plaintiff filed this action.  ECF No. 1.  Both parties have filed appeal briefs, and the case is now ready for decision.  ECF Nos. 12, 13.

**II.**    **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir.

2

2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or

3

mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

III.  **Discussion:**

When, as here, the Plaintiff submits additional medical evidence with their request for review by the Appeals Council, the Appeals Council must consider the additional evidence if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision. *Williams v. Sullivan*, 905 F.2d 214, 215-216 (8th Cir. 1990). However, the timing of the evidence is not dispositive of whether the evidence is material. *Id.* Evidence obtained after an ALJ decision is material if it is related to the claimant's condition on or before the date of the ALJ's decision. *Basinger v. Heckler*, 725 F.29 1166, 1169 (8th Cir. 1984).

Once it is clear that the Appeals Council has considered newly submitted evidence, it is the task of this Court to determine whether the ALJ's determination is supported by substantial evidence on the record as a whole, including the new evidence submitted after the determination was made. *See, e.g., Nelson v. Sullivan,* 966 F.2d 363, 366 (8th Cir. 1992); *Browning v. Sullivan,* 958 F.2d 817, 822 (8th Cir. 1992). Of necessity, that means that we must speculate to some extent on how the ALJ would have weighed the newly submitted reports if they had been available for the original hearing.

The current record reveals that the Plaintiff suffered from headaches and pain in her shoulders, arms, and neck.  Examinations conducted during the relevant time period revealed pain to palpation, pain on range of motion, and some range of motion deficits in her upper extremities.  Diagnoses ranged from bilateral arm pain to osteoarthritis for which Lorcet, Lortab, a Medrol Dosepak, Naproxen, and Flexeril were alternately prescribed.

Three months following the entry of the ALJ's opinion, the Plaintiff underwent an MRI of her brain.  Tr. 344.  Small vessel chronic ischemic changes were noted with a few scattered areas of signal abnormality in the deep white matter and mild signal abnormality in the bilateral mastoids.  Aside from a notation that the MRI was ordered due to the Plaintiff's chronic headaches, there is no evidence to explain the significance of these findings.

Nine months after the ALJ issued his opinion, an MRI of the Plaintiff's cervical spine showed small central disk bulges at the C4-5, C5-6, and C6-7 levels with spurring.  The doctor diagnosed her with cervical disk disease and prescribed Neurontin.

It is clear that the MRIs conducted in 2013 are new evidence, as they were both dated and submitted after the ALJ's opinion.  However, without additional information, we can not determine their materiality.  *See Cunningham v. Apfel*, 222 F.3d 496, 502 (holding that medical evidence dated after the ALJ's decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision).  As previously noted, the Plaintiff was treated for upper extremity pain and headaches during the relevant time period.  And, we can discern no evidence to indicate that her condition deteriorated or that she suffered an injury that might account for these findings following entry of the ALJ's opinion.

AO72A
(Rev. 8/82)

Similarly, the record provides no information concerning small vessel disease, its symptoms, it prognosis, or the possible link between this disorder and the headaches reported by the Plaintiff during the relevant time period. Without this information, the undersigned can not determine whether substantial evidence supports the ALJ's decision.

We also note that the only RFC assessment contained in the record was completed by a non-examining, consultative physician in December 2011.[1]  Tr. 269-276.   After reviewing Plaintiff's medical records, the doctor concluded that she could perform light work involving limited climbing and reaching in all directions. Without explanation, however, the ALJ limited the Plaintiff to light work with occasional overhead reaching. *See Delrosa v. Sullivan,* 922 F.2d 480, 484 (8th Cir. 1991) (it is improper for ALJ to substitute own unsubstantiated conclusions regarding existence of impairments for a physician's express diagnosis).

Accordingly, we find that remand is necessary to allow the ALJ to develop the record further with regard to the relationship between the MRI results, the symptoms suffered by the Plaintiff during the relevant time period, and the Plaintiff's RFC. On remand, the ALJ is directed to order an orthopedic consult.  The ALJ should provide the examiner with a copy of the Plaintiff's medical records and ask the examiner to opine as to the likely onset of the herniated disks and small vessel disease. The examiner should also be asked to provide an assessment of the Plaintiff's ability to perform work-related tasks during the relevant time period.

---

[1]This assessment was later affirmed by another non-examining, consultant in April 2012. Tr. 299-303.

**IV.**     **Conclusion**:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 27th day of January 2015.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)